UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Adam Rodman,<br><br>    Plaintiff,<br><br>    v.<br><br>Portfolio Recovery Associates, Inc., Credit Corp Solutions Inc. d/b/a Tasman Credit, Equifax Information Services, LLC, Experian Information Solutions, Inc. and Trans Union, LLC,<br><br>    Defendants. | Case No:<br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

Plaintiff Adam Rodman ("*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Portfolio Recovery Associates, Inc. ("*PRA*" or "*Furnisher Defendant*"), Credit Corp Solutions Inc. d/b/a Tasman Credit ("*CCS*"), Equifax Information Services, LLC ("*Equifax*"), Experian Information Solutions, Inc. ("*Experian*") and Trans Union, LLC ("*Trans Union*") (Equifax, Experian and Trans Union may be hereinafter collectively referred to as "*CRA Defendants*") (Furnisher Defendant, CCS and CRA Defendants may be hereinafter collectively referred to as "*Defendants*") as follows:

**INTRODUCTION**

1.  This action seeks to recover for violations of the Fair Credit Reporting Act (the "*FCRA*"), 15 U.S.C. § 1681 *et seq,* the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.,* (the "*FDCPA*") and the New York Fair Credit Reporting Act, NY CLS General Business Law Section § 380 *et seq. ("NY FCRA")*.

2.  This action seeks relief against CRA Defendants for reporting inaccurate and/or misleading information on Plaintiff's credit report in violation of § 1681e(b); and for CRA Defendants' failure to conduct a reasonable investigation into Plaintiff's disputes in violation of § 1681i(a).

1

3. This action seeks relief against Furnisher Defendant for violations of the Fair Credit Reporting Act under 15 U.S.C. § 1681s-2(b), for its failure to conduct a reasonable and/or good faith investigation into Plaintiff's notice of disputes and failing to delete, correct or block the inaccurate information.

4. This action also seeks relief against PRA and CCS for violations of 15 U.S.C. § 1692e for false, unfair and deceptive practices in its attempts to collect a debt.

5. Plaintiff seeks an Order enjoining PRA and CRA Defendants' injurious conduct and to recover *inter alia*, statutory damages, prejudgment and post-judgment interest, and reasonable attorneys' fees and expenses for injuries suffered as a result of Defendants' erroneous reporting of inaccurate information in Plaintiff's consumer background reports and an order for damages and restitution from CCS for it's false debt collection practices.

6. As a result of Defendants' conduct in misreporting and failing to reasonably investigate the dispute and correct inaccuracies, Plaintiff has sustained actual damages including, but not limited to: a decreased credit score; decreased credit worthiness and credit capacity; emotional and mental pain due to the anxiety and stress of the negative credit impact of the errors at issue despite taking steps to resolve it; the dissemination of this inaccurate reporting to third party prospective creditors; and credit card denials from Wells Fargo and Apple Card and its associated frustration and mental anguish.

7. Plaintiff seeks to recover monetary damages for Defendants' violations of the FCRA and to have an Order issued by this Court enjoining Defendants from persisting in their violative behaviors.

## JURISDICTION AND VENUE

8. Jurisdiction of the Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p, and 15 U.S.C. § 1692k(d).

9. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## PARTIES

10. Plaintiff Adam Rodman is an adult who is a citizen of the State of New York residing in Westchester County.

11. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c), NY FCRA § 380-a(b), and 15 U.S.C. § 1692a(3).

12. Defendant PRA is a corporation and has a principal place of business located at 200 West Adams St., Chicago, Illinois 60606.

13. Defendant PRA is a "furnisher of information" (hereinafter "*Furnisher*") as that term is defined by 15 U.S.C. § 1681s-2(b).

14. Defendant PRA is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and regularly engages in the collection of or attempt to collect debts asserted to be owed by others and the business' principal purpose id debt collection.

15. Defendant CCS is a corporation and has a principal place of business located at 180 Election Road, Suite 200, Draper, Utah 84020.

16. Defendant CCS is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and regularly engages in the collection of or attempt to collect debts asserted to be owed by others and the business' principal purpose id debt collection.

17. Defendant Equifax is a Georgia limited liability company which has a principal place of business located at 1550 Peachtree Street, NW, Atlanta, GA 30309.

18. Defendant Equifax Information Services, LLC, is a subsidiary of Equifax, Inc. and qualifies as a consumer reporting agency (hereinafter "*CRA*"), as defined under 15 U.S.C. § 1681a(f) and NY FCRA § 380-A(e), that regularly conducts business in this judicial district.

19. Defendant Equifax by contractual agreement, disseminates consumer background reports for remuneration to third parties.

20. Defendant Experian is an Ohio corporation which has a principal place of business located at 475 Anton Blvd., Costa Mesa, CA 9262.

21. Defendant Experian is a CRA as defined under 15 U.S.C. § 1681a(f) and NY FCRA § 380-A(e), that regularly conducts business in this judicial district.

22. Defendant Experian by contractual agreement, disseminates consumer background reports for remuneration to third parties.

23. Defendant Trans Union is an Illinois limited liability company which has a principal place of business located at 555 W. Adams Street, Chicago, IL 60661.

24. Defendant Trans Union is a CRA as defined under 15 U.S.C. 1681a(f) and NY FCRA § 380-A(e), that regularly conducts business in this judicial district.

25. Defendant Trans Union by contractual agreement, disseminates consumer background reports for remuneration to third parties.

## SUBSTANTIVE ALLEGATIONS OF FCRA

26. Congress enacted § 1681 *et seq.* of Title 15 of the United States Code, § 1681(a) of which states as follows:

> (1) The banking system is dependent upon fair ***and accurate*** credit reporting. ***Inaccurate credit reports directly impair the efficiency of the banking system***, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system.
>
> (2) An elaborate mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, character, and general reputation of consumers.
>
> (3) Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers.
>
> (4) There is a ***need to insure that consumer reporting agencies exercise their grave responsibilities with fairness***, impartiality, and a respect for the consumer's right to privacy.

(Emphases added).

27. FCRA mandates that CRAs adhere to the following duties: (i) to assure maximum possible accuracy of information when preparing consumer reports and to set up reasonable policies procedures to maintain compliance with this minimum reporting standard; and (ii) to reinvestigate the facts and circumstances surrounding a dispute by consumers and to appropriately and timely correct any inaccuracies, including by quickly notifying the furnisher and any other parties in the distribution chain of the disputed inaccuracies.

28. CRAs compile, maintain, and report information concerning the creditworthiness, credit-standing, credit capacity, character, and general reputation of consumers, including Plaintiff. That information is then made available for use by third parties in credit transactions involving consumers, for employment purposes, for the underwriting of insurance for consumers, and even housing.

29. Plaintiff has a legally protected interest in the Defendants fulfilling their duties under FCRA so that the credit information being furnished and reported by them is maintained fairly, with the maximum levels of confidentiality, accuracy, and relevancy.

30. Plaintiff's injury is particularized and actual and is directly traceable to Defendants' conduct. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

## FACTUAL ALLEGATIONS

31. Plaintiff Adam Rodman had a single outstanding charged-off credit card debt with non-party Synchrony Bank ("*Synchrony*") with account number ending in 2643, in the amount of $2,602.94 ("*Synchrony debt*").

32. Upon information and belief, CCS purchased rights to collect on this Synchrony debt on June 18, 2022.

33. CCS filed a lawsuit against Plaintiff in the Supreme Court of the State of New York, Westchester County on January 22, 2024, at index number 56058/2024

34. A judgment was entered in CCS's favor on March 4, 2025, in the amount of $3,176.94.

35. On March 26, 2025, Plaintiff entered into a stipulation of settlement to pay $2,100 in satisfaction of the balance due under the judgment.

36. Plaintiff complied with the stipulated settlement agreement and a satisfaction of judgment was filed by CCS on April 9, 2025. See filed Satisfaction of Judgment annexed hereto as **Exhibit A**.

37. This settlement resolved the debt in its entirety and nothing more was or is due and owing with regard to Plaintiff's lone Synchrony debt.

38. Plaintiff discovered that the same Synchrony debt is being reported by PRA on his consumer credit reports with CRA Defendants.

39. Despite having resolved the debt, PRA is reporting an outstanding balance of $2,569 ("*PRA Account*").

40. Numerous phone calls to Synchrony and PRA confirmed that this was in fact the same Synchrony debt that Plaintiff entered into a stipulation of settlement for and paid off.

41. Synchrony confirmed to Plaintiff over the phone that he only had one debt and that the correct originating account number ends in 2643, which contrasts with the account number ending on 0137 which PRA provides Plaintiff.

42. Plaintiff caused a dispute letter to be sent to CRA Defendants via certified mail on November 11, 2025 (the "*FCRA Dispute Letter*").

43. The FCRA Dispute Letter included a copy of the Stipulation of Settlement and the Satisfaction of Judgment to ensure that CRA Defendant and PRA would resolve this issue in his favor and remove the PRA collection attempt from his credit reports.

44. Based upon United States Postal Service tracking information, CRA Defendants received the FCRA Dispute Letter.

45. Upon information and belief, CRA Defendants forwarded a notice of dispute and all relevant information regarding the FCRA Dispute Letter to Furnisher Defendant, within five business days of receipt of same, as required by the FCRA.

46. Upon information and belief, Furnisher Defendant received the notice of dispute and all relevant information from CRA Defendants of Plaintiff's FCRA Dispute Letter.

47. Following Defendants' thirty (30) day FCRA investigation period, Defendant Portfolio continued to report the Synchrony debt as unpaid with an outstanding balance of $2,659.

48. Since this debt was settled and paid off entirely, the reporting of an outstanding balance and the failure to indicate that the debt was settled is inaccurate, misleadingly inflates Plaintiff's liabilities and violates the FCRA.

49. Upon information and belief, Defendants either failed to perform any investigation at all or performed an unreasonable investigation and erroneously verified the inaccurate account as accurate.

50. Had CRA Defendants conducted a reasonable investigation, the PRA Account at issue would have been deleted entirely.

51. Had PRA conducted a reasonable investigation, the PRA Account at issue would have been deleted entirely and they would have ceased all debt collection attempts and sought recourse from Synchrony.

52. Alternatively, and upon information and belief, CRA Defendants failed to provide Furnisher Defendant with the notice of dispute and all relevant information.

53. Alternatively, and upon information and belief, Furnisher Defendant provided CRA Defendants with the correct information and directives regarding the Synchrony debt and CRA Defendants failed to properly process or furnish this data to Plaintiff's credit report.

54. As such, CRA Defendants failed to practice reasonable procedures to assure maximum possible accuracy.

55. Alternatively, and upon information and belief, CCS was not the proper party in

6

interest to collect on the Synchrony debt and has falsely and fraudulently led Plaintiff to pay them for a debt they are not authorized to collect.

56. As a result of CCS's conduct in violation of the FDCPA, Plaintiff has suffered damages including the payment of $2,100 for collection of a debt they were not entitled to collect and the attorney fees incurred by Plaintiff for the lawyer he retained to settle the judgment and the time lost and emotional distress associated with their public debt collection.

57. As a result of PRA and CRA Defendants' conduct in misreporting and failing to reasonably investigate the dispute and correct inaccuracies, Plaintiff has sustained actual damages including, but not limited to: a decreased credit score; decreased credit worthiness and credit capacity; wrongly inflated liabilities; emotional and mental pain due to the anxiety and stress of the negative credit impact of the errors at issue despite taking steps to resolve it; lost time and effort; the dissemination of this inaccurate reporting to third party prospective creditors and credit card denials from Wells Fargo and Apple Card and its associated frustration and mental anguish.

## COUNT I
### CRA Defendants' Violations of the FCRA, 15 U.S.C. § 1681e(b).

58. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated at length herein below.

59. CRA Defendants systemically violated 15 U.S.C. § 1681e(b) by failing to adhere to, maintain and/or establish reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports and credit files it published and maintained concerning Plaintiff.

60. Upon receipt of Plaintiff's disputes, CRA Defendants were legally required to: (i) conduct a reasonable investigation or re-investigation into all the circumstances surrounding the dispute; and (ii) when and if appropriate, remove any inaccurate information following the performance of the reasonable investigation.

61. Upon information and belief, CRA Defendants' conduct in the instant matter is representative of their normal policies and procedures (or lack thereof) for maintaining accurate credit reporting.

62. In violation of §§ 1681e(b) and 1681(i), CRA Defendants failed to follow reasonable procedures to assure maximum possible accuracy of the information attributable to Plaintiff, by reporting inaccurate information in Plaintiff's consumer background report.

63. Plaintiff disputed the inaccurate information and CRA Defendants knowingly or intentionally failed to perform a reasonable investigation to remove the inaccurate information.

64. Plaintiff disputed the inaccurate information and CRA Defendants recklessly failed to perform a reasonable investigation to remove the inaccurate information.

65. Alternatively, Plaintiff disputed the inaccurate information and CRA Defendants negligently failed to perform a reasonable investigation to remove the inaccurate information.

66. As a result of CRA Defendants' violations of 15 U.S.C. § 1681, Plaintiff suffered actual damages which have been further described in the above statement of facts.

67. In violation of § 1681o and § 1681n, CRA Defendants' conduct was a direct and proximate cause of Plaintiff's injury.

68. CRA Defendants are liable to Plaintiff for their negligent and willful failures to follow reasonable policies and procedures.

69. As a result of CRA Defendants' violations of 15 U.S.C. §§ 1681e(b) and 1681i, Plaintiff suffered statutory and actual damages as described herein and is entitled to recover actual damages and punitive damages, pursuant to 15 U.S.C. §§ 1681n and 1681o.

70. For the foregoing reasons, CRA Defendants violated 15 U.S.C. § 1681e(b) and are liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and attorneys' fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT II
### CRA Defendants' Violations of the FCRA, 15 U.S.C. § 1681i *et seq.*

71. Plaintiff repeats and realleges the foregoing paragraphs as if same were fully restated herein below.

72. CRA Defendants violated 15 U.S.C. § 1681i(a)(1) by failing to conduct reasonable reinvestigations to determine whether the disputed information was accurate and record the current status of the disputed information or delete the item from Plaintiff's credit report.

73. CRA Defendants violated 15 U.S.C. § 1681i(a)(1) by relying upon only a cursory review of basic information and deferring entirely upon Furnisher Defendants and merely parroting information received from the furnisher.

74. CRA Defendants violated 15 U.S.C. § 1681i(a)(2)(A) by failing to provide Furnisher Defendant all of the relevant information regarding Plaintiff and his dispute.

75. CRA Defendants violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff regarding the dispute.

76. CRA Defendants violated 15 U.S.C. § 1681i(a)(5)(A) by failing to promptly delete the disputed inaccurate information from Plaintiff's credit file or correct the inaccurate information upon reinvestigation.

77. Upon information and belief, CRA Defendants never contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's dispute.

78. Upon information and belief, CRA Defendants never: (i) contacted any third parties that would have relevant information concerning Plaintiff's dispute; (ii) forwarded any relevant information concerning Plaintiff's dispute to Furnisher Defendants; or (iii) requested or obtained any other relevant documents from Furnisher Defendants. As such, there is no evidence of a reasonable investigation being conducted.

79. As a result of CRA Defendants' violations of 15 U.S.C. § 1681, Plaintiff suffered actual damages which have been further described above in the statement of facts.

80. CRA Defendants' violations were willful because they had knowledge of the issue after receiving a detailed dispute letter and/or exhibited a reckless disregard for the information provided in that dispute, rendering CRA Defendant individually liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

81. In the alternative, CRA Defendants were negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

82. For the foregoing reasons, CRA Defendants violated 15 U.S.C. § 1681i and are liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and attorneys' fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT III
### Furnisher Defendant's Violations of the FCRA, 15 U.S.C. § 1681s-2(b)

83. Plaintiff repeats and realleges the foregoing paragraphs as if same were fully restated herein below.

84. At all times pertinent hereto, Furnisher Defendant is a "person" as that term is defined by 15 U.S.C. § 168la(b) and a "furnisher of information" to the credit reporting agencies.

85. Furnisher Defendant have a duty to provide accurate information to consumer reporting agencies, and to correct inaccurate information after receiving notice of a credit dispute directly from a consumer. *See* 15 U.S.C. § 1681s-2(a).

86. Furnisher Defendant have an obligation under 15 U.S.C. § 1681s-2(b) to investigate a dispute after receiving notice of the disputed item from a consumer reporting agency.

87. FCRA requires furnishers, after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by that furnisher to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

88. On each occasion referenced in the above statement of facts where a dispute was sent to CRA Defendants, upon information and belief, CRA Defendants provided Furnisher Defendants the notice of dispute and all relevant information regarding the disputes.

89. Upon information and belief, on each occasion referenced in the above statement of facts where a dispute was sent to CRA Defendants, Furnisher Defendant received the notice of dispute and all relevant information regarding the disputes.

90. Upon information and belief, Furnisher Defendant violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to fully, reasonably and in good faith investigate Plaintiff's disputes.

91. Furnisher Defendant failed to correct or remove the inaccurate information from the account and credit report and report those results to all other credit reporting agencies to which the furnishers have provided the inaccurate information.

92. Upon information and belief, Furnisher Defendant's conduct in the instant matter is representative of their normal policies and procedures in responding to disputes by providing only a cursory review of basic information and failing to investigate any further or failing to investigate and remediate any errors entirely.

93. Furnisher Defendant violated § 1681s-2(b) by willfully failing to fully, properly and reasonably conduct an investigation of the inaccurate information that Plaintiff disputed.

94. Furnisher Defendant violated § 1681s-2(b) by willfully failing to review all relevant information concerning Plaintiff's account as provided.

95. Furnisher Defendant violated § 1681s-2(b) by willfully failing to report the results of their investigation of the inaccurate information to all credit reporting agencies.

96. Furnisher Defendant violated § 1681s-2(b) by willfully failing to modify or delete incomplete or inaccurate information or information they cannot verify in Plaintiff's file after conducting an investigation.

97. Furnisher Defendant violated § 1681s-2(b) by willfully failing to permanently block the reporting of the inaccurate information disputed by Plaintiff and continuing to report and furnish inaccurate or incomplete information in Plaintiff's file to credit reporting agencies.

98. Furnisher Defendant violated § 1681s-2(b) by willfully failing to comply with all requirements imposed on "furnishers of information" by 15 U.S.C. § 1681s-2(b).

99. Furnisher Defendant conduct was willful in that it had direct knowledge that the information it was reporting was inaccurate and/or misleading, and despite receipt of valid FCRA dispute notice from the CRA Defendants, continued to report the tradeline inaccurately.

100. Alternatively, Furnisher Defendant exhibited a reckless disregard and unjustifiably high risk to Plaintiff when it received the FCRA dispute and failed to conduct a reasonable investigation and failed to correct the credit reporting.

101. Furnisher Defendant violated § 1681s-2(b) by negligently failing to review all relevant information concerning Plaintiff's account as provided.

102. Furnisher Defendant violated § 1681s-2(b) by negligently failing to report the results of their investigation of the inaccurate information to all credit reporting agencies.

103. Furnisher Defendant violated § 1681s-2(b) by negligently failing to modify or delete incomplete or inaccurate information or information they cannot verify in Plaintiff's file after conducting an investigation.

104. Furnisher Defendant violated § 1681s-2(b) by negligently failing to permanently block the reporting of the inaccurate information disputed by Plaintiff and continuing to report and furnish inaccurate or incomplete information in Plaintiff's file to credit reporting agencies.

105. Furnisher Defendant violated § 1681s-2(b) by negligently failing to comply with all requirements imposed on "furnishers of information" by 15 U.S.C. § 1681s-2(b).

106. Further, Plaintiff suffered actual damages, further described in the above in statement of facts.

107. Furnisher Defendant is liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

108. Alternatively, Furnisher Defendant's conduct was negligent, failing to exercise reasonable care when they failed to conduct a reasonable investigation, thereby entitling Plaintiff to recover under 15 U.S.C. § 1681o.

109. For the foregoing reasons, Furnisher Defendant violated 15 U.S.C. § 1681s-2(b) and are liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and attorneys' fees in an amount to be determined by the Court pursuant to § 1681n and § 1681o.

## COUNT IV
## CRA Defendants' Violations of the NY FCRA § 380

110. Plaintiff repeats and realleges the foregoing paragraphs as if same were fully restated herein below.

111. NY FCRA § 380-f(a) specifically provides that upon receipt of a consumer's dispute, a CRA promptly re-investigate and record the current status of such information and promptly notify the consumer of the result of its investigation, its decision on the status of the information and Plaintiff's rights pursuant to that section.

112. In addition, NY FCRA § 380-f(b) specifically provides that when a "consumer reporting agency finds that an item is in error or that it can no longer be verified, it shall:

(1) Promptly expunge the item and otherwise correct the file

(2) Refrain from reporting the item in subsequent consumer reports,

(3) Clearly and conspicuously disclose to the consumer his rights to make a request for notification and upon request of the consumer, promptly notify any person designated by the consumer who has received information regarding the item during the previous year that an error existed and shall furnish such person with corrected information…"

113. Here a duty to conduct a reasonable investigation was triggered by CRA Defendants upon each receipt of any FCRA Dispute Letter referenced in the above statement of facts.

114. CRA Defendants failed to conduct a reasonable investigation and failed to promptly correct the tradeline of the account at issue.

115. CRA Defendants also failed to provide Plaintiff a notice of rights pursuant to NY FCRA § 380-f(b)(3).

116. CRA Defendants' failure to adequately re-investigate these disputes despite being given the information constitutes a knowing or at a minimum a reckless disregard of their duties to Plaintiff.

117. As such, CRA Defendants' violations were willful, rendering them liable for punitive damages in an amount to be determined by the court and attorneys' fees pursuant to NY FCRA § 380-L.

118. At a minimum, CRA Defendants' conduct was negligent in that they failed to use reasonable care and diligence in their obligations to the consumer rendering them liable for actual damages and attorneys' fees pursuant to NY FCRA § 380-M.

119. As a direct result of the above violations of the NY FCRA by CRA Defendants, Plaintiff suffered damages as described in the above statement of facts.

120. As a result of the above violations of the NY FCRA, CRA Defendants are willfully and/or negligently liable to Plaintiff for actual damages, punitive damages, attorneys' fees and costs pursuant to NY FCRA §§ 380-L and 380-M.

## COUNT V
### PRA's Violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10).

121. Plaintiff repeats and realleges the foregoing paragraphs as if same were fully restated herein below.

122. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

123. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

124. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a deceptive representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

125. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a misleading representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

126. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

13

127. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation of the character of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

128. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a deceptive representation of the amount of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

129. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a misleading representation of the legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

130. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

131. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation made in an attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

132. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a deceptive means used in an attempt to collect the debtin violation of 15 U.S.C. § 1692e(10).

133. A debt collector reporting an alleged debt to a consumer's credit report is a communication and an attempt to collect a debt.

134. Here, PRA furnished a PRA Account to Plaintiff's credit reports with CRA Defendants which falsely stated that he owed a balance of $2,569 on the Synchrony debt.

135. Upon information and belief, PRA has no legitimate or legal interest in the Synchrony debt.

136. Upon information and belief, CCS is the bona-fide purchaser of the Synchrony debt and the only entity that had authority to collect on it.

137. In or around April 2025, Plaintiff settled the Synchrony debt entirely with Furnisher Defendant CCS and nothing further was due and owing.

138. Despite receipt through CRA Defendants of Plaintiff's FCRA Dispute Letter, PRA continued to attempt to collect the debt from Plaintiff by sending him collection letters.

139. Despite receipt through CRA Defendants of Plaintiff's FCRA Dispute Letter, PRA continued to attempt to collect the debt from Plaintiff by updating and maintaining the existence

of the PRA Account tradeline on Plaintiff's credit report, despite the fact that he no longer had a Synchrony debt because it was already settled and paid off with CCS, the proper party in interest.

140. PRA's communication to the CRA Defendants at issue was a false representation made in connection with its collection of the Synchrony debt, in violation of 15 U.S.C. § 1692e.

141. PRA's allegation that Plaintiff owes this debt was a deceptive representation made in connection with its collection of the Synchrony debt, in violation of 15 U.S.C. § 1692e.

142. PRA's allegation that Plaintiff owes this debt was a misleading representation made in connection with its collection of the Synchrony debt, in violation of 15 U.S.C. § 1692e.

143. PRA's allegation that Plaintiff owes this debt was a false representation of the character of the alleged debt made in connection with its collection of the Synchrony debt, in violation of 15 U.S.C. § 1692e(A).

144. PRA's allegation that Plaintiff owes this debt was a false representation made in connection with its collection of the Synchrony debt, in violation of 15 U.S.C. § 1692e(10).

145. PRA's allegation that Plaintiff owes this debt was a deceptive means made in connection with its collection of the Synchrony debt, in violation of 15 U.S.C. § 1692e(10).

146. For the foregoing reasons, PRA violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and is liable to Plaintiff therefor.

147. Plaintiff was damaged as a direct result of PRA's conduct as described in the above statement of facts.

## COUNT VI
### CCS' Violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10).

148. Plaintiff repeats and realleges the foregoing paragraphs as if same were fully restated herein below.

149. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

150. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

151. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a deceptive representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

15

152. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a misleading representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

153. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

154. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation of the character of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

155. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a deceptive representation of the amount of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

156. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a misleading representation of the legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

157. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

158. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation made in an attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

159. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a deceptive means used in an attempt to collect the debt, in violation of 15 U.S.C. § 1692e(10).

160. Pleading in the alternative, upon information and belief, PRA is the bona-fide purchaser of the Synchrony debt and the only entity with authority to collect on it.

161. On March 26, 2025, CCS entered into a stipulation of settlement with Plaintiff and accepted funds to settle the debt in or around April 2025, despite not having propery title to the Synchrony debt.

162. As a result, Plaintiff lost the funds paid to CCS and the attorney's fees he spent to hire counsel to settle that debt.

163. In addition, Plaintiff is now subject to attempts to collect the full outstanding balance of the Synchrony debt by alleged bona-fide purchase PRA which has furnished the account to Plaintiff's credit report resulting in a decreased credit score and numerous credit denials.

164. CCS's collection of the Synchrony debt which it did not have proper title to was a false representation made in connection with its collection of the Synchrony debt, in violation of 15 U.S.C. § 1692e.

165. CCS's collection of the Synchrony debt which it did not have proper title to was a deceptive representation made in connection with its collection of the Synchrony debt, in violation of 15 U.S.C. § 1692e.

166. CCS's collection of the Synchrony debt which it did not have proper title to was a misleading representation made in connection with its collection of the Synchrony debt, in violation of 15 U.S.C. § 1692e.

167. CCS's collection of the Synchrony debt which it did not have proper title to was a false representation of the character of the alleged debt made in connection with its collection of the Synchrony debt, in violation of 15 U.S.C. § 1692e(A).

168. CCS's collection of the Synchrony debt which it did not have proper title to was a false representation made in connection with its collection of the Synchrony debt, in violation of 15 U.S.C. § 1692e(10).

169. CCS's collection of the Synchrony debt which it did not have proper title to was a deceptive means made in connection with its collection of the Synchrony debt, in violation of 15 U.S.C. § 1692e(10).

170. For the foregoing reasons, CCS violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and is liable to Plaintiff therefor.

171. Plaintiff was damaged as a direct result of CCS's conduct as described in the above statement of facts.

## JURY DEMAND

172. Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests the Court enter judgment against Defendants, as follows:

a   Adjudging that PRA and CRA Defendants' actions violated the FCRA;

b   Adjudging that CRA Defendants' actions violated the NY FCRA;

c   Adjudging that PRA and CCS's actions violated the FDCPA;

d   Enjoining Defendants from persisting in violative behaviors and requiring Defendants to correct or otherwise delete the accounts at issue in Plaintiff's credit report;

e   Granting Plaintiff actual damages against PRA and CRA Defendants pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a);

f   Granting Plaintiff statutory damages against PRA and CRA Defendants pursuant to 15 U.S.C. § 1681n(a)(1)(A);

g   Granting Plaintiff punitive damages against PRA and CRA Defendants pursuant to 15 U.S.C. § 1681n(a)(2);

h   Granting Plaintiff costs and reasonable attorneys' fees against PRA and CRA Defendants pursuant to 15 U.S.C. §§ 1681n(c) and 1681o(b);

i   Granting Plaintiff actual damages, punitive damages, attorneys' fees and costs pursuant to NY FCRA §§ 380-L and 380-M;

j   Granting Plaintiff actual damages against PRA and CCS pursuant to 15 U.S.C. § 1692k;

k   Granting Plaintiff statutory damages against PRA and CCS pursuant to 15 U.S.C. § 1692k;

l   Granting Plaintiff attorneys' fees against PRA and CCS pursuant to 15 U.S.C. § 1692k;

m   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

n   Such other and further relief as the Court determines is just and proper.

DATED: January 26, 2026

                                       **SANDERS LAW GROUP**

By: */s Alain Cesar*
Alain Cesar, Esq.
333 Earle Ovington Boulevard, Suite 402
Uniondale, New York 11553
Email: acesar@sanderslaw.group
Office: (516) 203-7600
Direct: (516) 203-7612
Fax: (516) 282-7878
*Attorneys for Plaintiff*
Our File No.: 132492